# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MARLON T. YOUNG,**
       **Plaintiff,**

    **v.**                                   **Case No. 19-C-1352**

**KAREN R. LEE, *et al.*,**
       **Defendants.**

---

## SCREENING ORDER

Plaintiff Marlon T. Young, an inmate confined at the Dodge Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

## I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 3, 2019, I ordered the plaintiff to pay an initial partial filing fee of $36.74. Docket No. 8. Plaintiff paid that fee on October 17, 2019. I will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order. Because the

plaintiff has paid the initial partial filing fee, I will deny as moot his motion to use his release account to pay the filing fee. Docket No. 7.

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United

States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The plaintiff sues Nurse Practitioner Sandy McArdle, Registered Nurses Karen R. Lee and Erin M. Wehrle, and Warden Gary Boughton. The defendants are alleged to have been employees of the Wisconsin Secure Program Facility in Boscobel, Wisconsin, at the time of the events. Docket No. 1 at 2–5.

The plaintiff alleges that on March 22, 2019, McArdle refused to see him for an "emergency issue." *Id.* at 2. He alleges that he was experiencing "excruciating pain" in his right leg, but McArdle "kept changing the appointment days and time for me to be seen by her." *Id.* The plaintiff also asked for a cane, wheelchair, or walker to get around but "was told" by unspecified prison officials that McArdle would not provide him a walking aid until she saw him for his pain. *Id.* The plaintiff alleges that McArdle agreed to see him "next week" about his pain but does not say whether McArdle ever examined him or provided medical treatment. *Id.* The plaintiff alleges that he continues to experience pain and difficulty moving around. *Id.*

The plaintiff alleges that Lee improperly spoke with him about his medical condition outside of his cell door instead of in private in a room or at the Health Services Unit. *Id.* at 3. He asserts that by discussing his medical care in front of his cell, Lee "violated the

'HIPPA' policy act." *Id.* The plaintiff alleges that Wehrle also is responsible for the "broadcast" of his medical condition in front of his cell. *Id.* at 4.

The plaintiff alleges that Boughton "allowed" McArdle, Lee, and Wehrle "to keep operating 'H.S.U.' after being notify of there [sic] many violations" of his constitutional rights. *Id.* at 5.

The plaintiff seeks a written apology from the defendants and monetary damages. *Id.* at 6.

**C. Analysis**

The plaintiff's allegations against McArdle amount to a claim that she denied him adequate medical treatment, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To state a cognizable claim under the Eighth Amendment, the plaintiff must allege both that he had an objectively serious medical condition and that the prison official was deliberately indifferent to the condition. *See Perez*, 792 F.3d at 776. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A significant delay in providing effective medical treatment may support an Eighth Amendment claim of deliberate indifference, "especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008), and *Gutierrez v. Peters*, 111 F.3d 1364, 1371–72 & n.6 (7th Cir. 1997)).

The plaintiff alleges that McArdle refused to see him for his leg pain, denied him a walking aid until she could see him, and then repeatedly changed the appointment day

and time for his evaluation. Although the plaintiff alleges that he was eventually scheduled for an appointment with McArdle, he does not allege whether that visit occurred and says he continues to experience significant pain in his leg and difficulty moving around. These allegations are sufficient to state an Eighth Amendment claim against McArdle.

The plaintiff, however, does not state a claim against Lee or Wehrle. He alleges only that they "violated the 'HIPPA' policy act," by which he presumably means HIPAA (the Health Insurance Portability and Accountability Act), when they discussed his medical condition where others could hear. But HIPAA does not provide a private right of action. *See Perkins v. Neighborhood Imp. Dev. Corp.*, No. 08C0193, 2008 WL 647018, at *2 (E.D. Wis. Mar. 7, 2008) (citing *Doe v. Bd. Trustees Univ. Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006)) (concluding that "[e]very court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action").

Moreover, the plaintiff does not allege that anyone nearby did hear, so he does not allege any injury from the improper disclosure. Even if someone did hear, the plaintiff's claim is that he suffered only mental or emotional injury. But the PLRA bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Because the plaintiff does not allege that he suffered any physical injury from the actions of Lee or Wehrle, he is barred from seeking relief from mental or emotional injury caused by the discussion of his medical condition.

Nor does the plaintiff state a claim against Boughton. The plaintiff does not allege that Boughton personally violated his rights. He alleges only that Boughton did not correct the actions of the other defendants after receiving complaints about them. Under § 1983,

however, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Supervisory prison officials may be liable only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Grossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) (quoting *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997)). The plaintiff does not allege that Boughton facilitated, approved, or condoned any unlawful behavior of the nurse–defendants. He therefore provides no basis on which to hold Boughton liable under § 1983.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the filing fee (Docket No. 2) is **GRANTED**. The plaintiff's motion to pay the filing fee with his release account (Docket No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** defendants Lee, Wehrle, and Boughton are dismissed from this case.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant McArdle. It is **ORDERED** that, under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the $313.26 balance of the filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to**

**20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the clerk of court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2019

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge